UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Stefon Morant,<br>    *Petitioner*,<br><br>v.<br><br>Commissioner,<br>    *Respondent.* | Civil No. 3:09cv2082 (JBA)<br><br><br><br>February 4, 2011 |

RULING AND ORDER

Pending before the court is Petitioner's [Doc. # 7] motion for leave to amend, [Doc. # 11] motion to appoint counsel, and Respondent's [Doc. # 10] motion to dismiss. For the reasons set forth below, the motion to amend is granted and the motions to appoint counsel and to dismiss are denied without prejudice.

Respondent moves to dismiss or stay proceedings on the petition for writ of habeas corpus on the ground that three of the four claims in the petition have not been exhausted. In response to the motion, Petitioner has moved to file an amended petition that only includes exhausted claims.

A review of the proposed amended petition reveals two claims. In Ground One, Petitioner claims that the State of Connecticut violated *Brady v. Maryland*, 373 U.S. 83 (1963) when it withheld certain information known by New Haven Detectives Michael Sweeney and Joseph Pettola that could have been used to impeach the credibility of two witnesses.[1] Petitioner and Respondent agree that this claim was exhausted by Petitioner's petition for writ of habeas corpus in state court and appeal from the denial of that petition

---

[1] The proposed amended petition consists of 347 pages. Ground one of the amended petition is described on pages 187–88.

to the Connecticut Appellate and Supreme Courts. *See Morant v. Commissioner*, Doc. No. CV02–0485200–S, 2007 WL 1893329 (Conn. Super. June 17, 2007), *aff'd*, 117 Conn. App. 279, *cert denied*, 294 Conn. 906 (2009).

In Ground Two, Petitioner claims that he was convicted on the basis of false testimony in violation of the Fourteenth Amendment. He specifically refers to his Fifth Amended Petition for New Trial.[2] In count one of that amended petition, Petitioner asserted that witnesses Ovil Ruiz and Detective Vincent Raucci falsely implicated him at trial. Petitioner appealed this claim to the Connecticut Appellate and Supreme Courts. *See Morant v. State*, 68 Conn. App. 137, *cert. denied*, 260 Conn. 914 (2002). Thus, this claim has been fully exhausted.

Accordingly, in view of the fact that the proposed amended petition only includes exhausted claims, the motion for leave to amend is granted. The motion to stay or dismiss the petition is denied.

Appointment of counsel in habeas corpus cases is discretionary, and that discretion should be exercised only when the interests of justice so require, unless an evidentiary hearing is necessary, *see* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts; 18 U.S.C. § 3006A(a)(2)(B). At this stage of the proceedings, it cannot be determined either that justice requires appointment of counsel or that a hearing is likely to be necessary.

---

[2] Ground Two of the amended petition is described at pages 300-01. The description is followed by pages from his brief in his appeal to the Connecticut Appellate Court of the denial of his fifth amended petition for new trial.

Accordingly, Petitioner's [Doc. # 10] Motion for Leave to File an Amended Petition is GRANTED and his [Doc. # 11] Motion for Appointment of Counsel is DENIED without prejudice. The Motion to Stay or Dismiss the Habeas Petition [Doc. # 7] is DENIED.

The Clerk shall mail a copy of the amended petition to counsel for Respondent together with a copy of this ruling and order. Respondent shall file his response showing cause why the relief prayed for in the amended petition should not be granted and addressing the merits of the petitioner's claims within thirty days of the date of this order.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 4th day of February, 2011.